# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K Street, NW, Suite 1300<br>Washington, D.C. 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

## INTRODUCTION

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the United States Department of the Interior's ("DOI") violations of FOIA resulting from their failure to conduct adequate searches and to provide records in response to the Center's December 18, 2017 FOIA request seeking records related to the agency's December 2017 announcement that all work on grizzly bear recovery efforts in the North Cascades ecosystem would be halted.

2. As of the filing of this complaint, the Defendants have failed to produce any records responsive to the Center's FOIA requests.

3. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that the

1

Defendants have violated FOIA and injunctive relief directing the Defendants to conduct an adequate search that uses the date of the search as the cut-off date and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.  Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.  Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

7.  Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 74,000 members. The Center and its members are harmed by the Defendants' violations of FOIA, as such violations preclude the Center from gaining a full understanding of the nature of actions federal agencies have taken related to grizzly bear recovery pursuant to the Endangered Species Act ("ESA") and potential circumvention of the requirements of that and other relevant statutes. The Defendants' failures to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

8.  Defendants the U.S. DEPARTMENT OF THE INTERIOR is a cabinet-level agency within the executive branch of the U.S. Government. The DOI is in possession and control

of the records the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The DOI is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint. The U.S. FISH AND WILDLIFE SERVICE ("FWS") is an executive agency within the Department of the Interior. The FWS is in possession and control of the records the Center seeks, and as such it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The FWS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint. The NATIONAL PARKS SERVICE ("NPS") is an executive agency within the Department of the Interior. The NPS is in possession and control of the records the Center seeks and as such it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The NPS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

9. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

10. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

11. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written

notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

12. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable by the courts.

13. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

14. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

15. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

16. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### Background to the FOIA Requests

17. The FWS first approved a recovery plan for the grizzly bear in 1982, revised in 1993, pursuant to the ESA. The North Cascades were included in this document as an area to evaluate for potential recovery.

18. In a 1997 supplement to the 1993 recovery plan, the FWS added specifics for recovery of bears in the North Cascades ecosystem. The North Cascades grizzly bear recovery zone is comprised of 9,565 square miles and includes all of North Cascades National Park and most of the Mount-Baker Snoqualmie, Wenatchee, and Okanogan National Forests. The 1997 supplement outlines goals for the recovery of grizzly bears in the North Cascades.

19. As suggested in the recovery plan, the FWS and the NPS initiated a NEPA process in February 2015 to determine how to restore grizzly bears to the North Cascades ecosystem, which was once a portion of their historical range.

20. In January 2017, the FWS and NPS released a draft environmental impact statement ("DEIS") for public review and comment. The DEIS included a no-action alternative and three action alternatives, all of which would seek to restore a self-sustaining population of grizzly bears to the North Cascade ecosystem.

21. In December 2017 media sources began reporting that former Interior Secretary Ryan Zinke had ordered staff to halt recovery efforts, including work on an environmental impact statement, related to potential population augmentation and recovery of grizzly bears in the North Cascades ecosystem in Washington. *See generally* Rob Chaney, North Cascades grizzly bear recovery work halted by Interior Department, Missoulian, http://missoulian.com/news/local/north-cascades-grizzly-bearrecovery-work-halted-by-interior-department/article_54f56987-68f7-5227-a7a5- ec14d7a6d44d.html (December 16, 2017) (last visited Jul. 15, 2020).

**The Center's FOIA Request to the Defendant**

22. On December 18, 2017 the Center submitted a FOIA request to the DOI's FOIA email address os_foia@ios.doi.gov. In that request, the Center sought "all records mentioning, including, referencing, and/or generated in connection with Interior's directive to the North Cascades National Park ("North Cascades NP") to stop work on its environmental impact statement regarding grizzly bear recovery in the North Cascades Ecosystem."

23. On January 4, 2018 the DOI acknowledged the Center's FOIA request and assigned it tracking number OS-2018-00443.

24. On June 6, 2019, a year and a half after the initial request was filed, the Center sent an email to the DOI asking for a status update on the request and an estimated date of completion. The Center had still not received any responsive records.

25. On June 7, 2019 the Center received a response from the DOI that stated the agency was still waiting on "a program office to send all potentially responsive records" and that the agency was unable to provide a specific timeline.

26. On June 11, 2019 the Center sent the DOI a notice of deadline violation along with an additional request for an estimated date of completion and an offer to assist the DOI in any way to facilitate the completion of the request.

27. On June 13, 2019 the DOI replied stating again that they were still waiting on responsive documents and were unable to provide the Center a timeline.

28. As of the date of this complaint, which is more than two and a half years from when the initial FOIA was filed and 13 months since the Center had any communication with the DOI on the matter, the Center has received no records and no additional communications from the DOI regarding the Center's FOIA request.

29. In connection with the Center's FOIA request, the DOI has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

30. The DOI's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

31. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct Adequate Search

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. The Center has a statutory right to have the DOI process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

34. The DOI violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

35. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the DOI in the foreseeable future.

36. The Center's organizational activities will be adversely affected if the DOI continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the DOI will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

38. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

39. The DOI violated FOIA and the DOI's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

40. DOI has not alleged that any of FOIA's statutory exemptions apply to the records that the Center seeks.

41. The Center has a statutory right to the records it seeks.

42. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the DOI in the foreseeable future.

43. The Center's organizational activities will be adversely affected if the DOI continues to violate FOIA's disclosure provisions as it has in this case.

44. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the DOI will continue to violate Plaintiff's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

45. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

46. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

47. The DOI violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

48. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the DOI in the foreseeable future.

49. The Center's organizational activities will be adversely affected if the DOI is allowed to continue violating FOIA's disclosure provisions as it has in this case.

50. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the DOI will continue to violate the Center's rights to receive public records under FOIA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

2. Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

3. Declare that Defendants' failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

4. Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6), 552(a)(7);

5. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E);

6. Grant such other and further relief as the Court may deem just and proper.

\*   \*   \*

DATED: July 21, 2020                                Respectfully submitted,

*/s/ William J. Snape, III*
William J. Snape, III (D.C. Bar No. 455266)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(202) 536-9351 (cell)
(202) 274-4443 (land)
wsnape@wcl.american.edu
plopes@biologicaldiversity.org

Sophia N. Ressler
WA Bar No. 48406*
Center for Biological Diversity
2400 NW 80th Street #146
Seattle, WA 98117
(206) 399-4004 (cell)
(206) 900-7853 (work)
sressler@biologicaldiversity.org

* Seeking admission *pro hac vice*

*Attorneys for Plaintiff*